# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO QUINTERO-CORRALES,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. 14-cv-1320-BTM<br>Related Nos. 03-cv-1983-BTM<br>　　　　　　97-cr-0385-BTM<br><br>**ORDER DENYING PETITONER'S REQUEST FOR RESENTENCING** |

On May 7, 2014, the Court received a letter from Petitioner requesting a reduction of his sentence. On May 27, 2014 the undersigned ordered the Clerk of Court to file the letter and accompanying documents into the case docket(s). For the reasons set forth herein, the Court construes the letter as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and **DENIES** the motion.

//

## I. PROCEDURAL BACKGROUND

On February 29, 2000, a jury found Petitioner guilty of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 as well as engaging in a financial transaction with drug proceeds in violation of 18 U.S.C. § 1957. Judgment was entered on April 19, 2000, and Mr. Corrales-Quintero was sentenced to 292 months confinement and five years of supervised release. (Doc. 112.) On April, 24, 2002, the Ninth Circuit entered a judgment affirming the conviction. (Doc. 135.)

On October 6, 2003, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 136.) The Court denied that motion and granted a certificate of appealability on November 9, 2004. (Doc 146.) On January 5, 2005, Petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals. On March 14, 2006, the Ninth Circuit affirmed the Court's judgment in a memorandum disposition. (Doc. 150.)

On May 7, 2014, the Court received a letter from Petitioner requesting a reduction of his sentence.

## II. DISCUSSION

Petitioner's letter includes several allegations, but requests only one form of relief: a reduction in sentence. Since he seeks a sentence reduction, Petitioner's request is a *habeas corpus* petition brought under 28 U.S.C. § 2255. Since Petitioner's first such petition was denied, this is a successive petition. The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2241 *et seq.* ("AEDPA"), requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the

district court to consider the application."   28 U.S.C. § 2244(b)(3)(A).  Petitioner has not sought and obtained an order from the appropriate court (the United States Court of Appeals for the Ninth Circuit) authorizing him to file a successive habeas application.   The Court therefore lacks jurisdiction to hear his request for relief.   See Tyler v. Cain, 533 U.S. 656, 660-61 (2001) ("AEDPA requires a district court to dismiss a claim in a second or successive application unless, as relevant here, the applicant 'shows' that the 'claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable'"); Harrison v. Ollison, 519 F.3d 952, 956, 959-960 (9th Cir. 2008); United States v. Villa-Gonzalez, 208 F.3d 1160, 1164 (9th Cir. 2000); United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).   See also 28 U.S.C. § 2255(f); United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000).

### III.   CONCLUSION

Since Petitioner has not obtained permission to file a successive *habeas corpus* petition from the Ninth Circuit Court of Appeals, this Court is without jurisdiction to entertain his motion.   It is accordingly **DENIED.**

**IT IS SO ORDERED.**

Dated:   May 29, 2014

**BARRY TED MOSKOWITZ**
Chief United States District Judge